UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, Clayton Johnson, Don Odermann, James Lenart, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>Plaintiffs,<br><br>vs.<br><br>North Metro Asphalt LLC d/b/a North Metro Asphalt & Contracting and Eric Larson, individually,<br><br>Defendants. | Case No: 14-CV-4706 (DSD/LIB)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

This matter came on for hearing before the undersigned on October 30, 2015, on Plaintiffs' Motion for Entry of Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was

1

no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1.      Plaintiffs filed the Summons and Complaint in this matter on November 10, 2014. The Summons and Complaint were personally served upon the Defendants North Metro Asphalt LLC d/b/a North Metro Asphalt & Contracting ("North Metro Asphalt") and Eric Larson ("Larson") on November 18, 2014.

2.      North Metro and Larson failed to file and serve a response or Answer to the Complaint.

3.      The Clerk entered default against North Metro and Larson on December 11, 2014.

4.      The Plaintiffs are Trustees and Fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5.      The Funds are a multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).

6.      The Funds are administered in accordance with the provisions of the ERISA and are exempt from federal income taxation pursuant to the Internal Revenue Code.

7.      Since at least May 16, 2013, North Metro Asphalt has been bound to the terms of a series of collective bargaining agreements negotiated between the

Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of Operating Engineers, Local No. 49 ("Collective Bargaining Agreements").

8. North Metro Asphalt is bound to the Collective Bargaining Agreements through at least April 30, 2017.

9. In addition, Larson executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement"). By executing the Welfare Participating Agreement, Larson agreed to bind both North Metro Asphalt and himself individually to the full and faithful performance of the Welfare Participating Agreement.

10. The Welfare Participating Agreement provides that North Metro Asphalt and Larson shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement").

11. The Collective Bargaining Agreements and the Welfare Trust Agreement require North Metro Asphalt and Larson to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the Collective Bargaining Agreements for each hour worked by their employees covered by the Collective Bargaining Agreements.

12. The Collective Bargaining Agreements and Welfare Trust Agreement further require North Metro Asphalt and Larson to calculate the contributions due and owing to the Funds for any given month on a report form which must be submitted to the Funds with their monthly contribution payment.

13. Finally, the Collective Bargaining Agreements and Welfare Trust Agreement provide that the Trustees, or their authorized agents, have the right at any reasonable time to examine an employer's payroll and employment records, or any other records deemed necessary to determine the employer's compliance with the Collective Bargaining Agreements.

14. The Funds' authorized agent requested that North Metro Asphalt and Larson produce a complete set of North Metro Asphalt's employment and payroll records for an audit covering the period of May 16, 2013 through December 31, 2014 ("Audit Period").

15. North Metro Asphalt and Larson breached the terms of the Collective Bargaining Agreements and Welfare Trust Agreement by failing and refusing to produce the requested payroll and employment records for the Audit Period.

16. After the filing of the Complaint in this matter, North Metro Asphalt and Larson produced some of the employment and payroll records requested by the Trustees' authorized agent for the Audit Period.

17. The Trustees' authorized agent reviewed the records produced by North Metro Asphalt and Larson and compared them to the monthly remittance reports submitted by North Metro Asphalt and Larson during the Audit Period to determine whether North Metro Asphalt and Larson complied with their contribution obligations under the Collective Bargaining Agreements.

18. In conducting the audit, the Funds' authorized agent determined that there were hours worked by North Metro Asphalt and Larson's employees covered by the Collective Bargaining Agreements for which contributions were not made to the

4

Trustees.

19. If North Metro Asphalt and Larson did not produce records sufficient for the Funds' authorized agent to determine whether the work performed by an employee was covered by the Collective Bargaining Agreements, the hours were included in the calculation of amounts due.

20. Pursuant to the review of payroll and employment records produced by North Metro Asphalt and Larson, the Funds' authorized agent determined that $207,733.09 is due and owing to the Funds for delinquent contributions for the Audit Period. Of this amount, $98,613.99 is due and owing solely to the Operating Engineers Local #49 Heath and Welfare Fund.

21. The Collective Bargaining Agreements and Welfare Trust Agreement state that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

22. Liquidated damages in the amount of $31,159.96 are due and owing for the Audit Period. Of that amount, $14,792.10 is due and owing solely to the Operating Engineers Local #49 Health and Welfare Fund.

23. The Welfare Trust Agreement states that employers are liable for any attorneys' fees or expenses incurred by the Funds in pursuing the collection of delinquent contributions. Similarly, the Collective Bargaining Agreements states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

24. The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $6,204.57. These attorneys' fees and costs are reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

## CONCLUSIONS OF LAW

1. North Metro Asphalt and Larson are in default and the Funds are entitled to entry of a default judgment.

2. North Metro Asphalt is liable to the Funds in the amount of $238,893.05 for delinquent contributions and liquidated damages for the Audit Period.

3. Larson is liable in the amount of $113,406.09 for delinquent contributions and liquidated damages due and owing solely to the Operating Engineers Health and Welfare Fund for the Audit Period.

4. North Metro Asphalt and Larson are jointly and severally liable to the Funds in the amount of $6,204.57 for attorneys' fees and costs.

## **ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein IT IS ORDERED THAT:

1. Plaintiffs' Motion for Entry of Judgment [ECF No. 21] is GRANTED; and

2. Judgment in the amount of $245,097.62 is entered against Defendant North Metro Asphalt LLC d/b/a North Metro Asphalt & Contracting and in favor of the Plaintiffs, and judgment in the amount of $119,610.66 is entered against Defendant Eric Larson and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  October 30, 2015

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court